GARY SAUNDERS ESQ. (SBN 144385)
SAUNDERS & ASSOCIATES, APC
4000 MacArthur Blvd., Suite 600
Newport Beach, CA 92660
Tel (949) 844-8445 | Fax (949) 449-872

Attorney for Plaintiff
Genevieve Fonseca as Parent of A.F., a minor

Electronically FILED by
Superior Court of California,
County of Los Angeles
9/11/2023 12:00 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By J. Gonzalez, Deputy Clerk

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**COUNTY OF LOS ANGELES**

| | |
|---|---|
| GENEVIEVE FONSECA, as Parent of A.F., a minor<br><br>Plaintiff,<br><br>vs.<br><br>BONITA UNIFIED SCHOOL DISTRICT, a public entity, SAN DIMAS HIGH SCHOOL, form unknown, J.D., a Minor, by and through his Guardian Ad Litem, JEN DIVINE, LAURA NAZARYAN in her Official Capacity, SCOTT PARKS in his Official Capacity, ERIN RAMIREZ in her Official Capacity, AURORA CHARTER OAKS HOSPITAL, SHERIFF OF LOS ANGELES COUNTY, BUZZ SOCIAL MEDIA, form unknown, DOES 1-50, INCLUSIVE,<br><br>Defendants. | CASE NO. 23PSCV02760<br>**PLAINTIFF'S VERIFIED COMPLAINT**<br><br>1. **VIOLATION OF AMERICANS WITH DISABILITIES ACT (42U.S.C.§ 12101 et seq.)**<br>2. **VIOLATION OF REHABILITATION ACT § 504 (29 U.S.C. § 794)**<br>3. **VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)**<br>4. **UNRUH CIVIL RIGHTS ACT VIOLATION (Civil Code §§ 51, 51.5, 52)**<br>5. **VIOLATON OF CAL.CIV.CODE § 1714**<br>6. **VIOLATION OF CALIFORNIA GOVERNMENT CODE § 815.2**<br>7. **VIOLATION OF CALIFORNIA GOVERNMENT CODE § 820**<br>8. **ASSAULT AND BATTERY**<br>9. **NEGLIGENT SUPERVISION**<br>10. **NEGLIGENT SUPERVISION**<br>11. **VIOLATION OF CIVIL CODE § 1714.1**<br>12. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**<br>13. **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**<br>14. **INVASION OF PRIVACY**<br>15. **LIBEL PRE SE**<br>16. **FALSE LIGHT** |

**THE PARTIES**

1.     Plaintiff, A.F., a 16-year-old minor, is, and at all times relevant to this action, was a resident of the County of Los Angeles, State of California.  At the time of the events alleged herein, A.F. was a student at SAN DIMAS HIGH SCHOOL (hereinafter "SAN DIMAS") located at 800 W. Covina Blvd., San Dimas, California 91773.

2.     GENEVIEVE FONSECA (hereinafter "FONSECA") is the mother, A.F.'s Parent for purposes of this lawsuit and at all times relevant to this action was a resident of the County of Los Angeles,

3.     Defendant BONITA UNIFIED SCHOOL DISTRICT (hereinafter "BUSD") is, and at all times mentioned in this complaint was, a California public educational agency organized, existing, and conducting business under the laws of the County of Los Angeles and the State of California, including but not limited to, operating the public high school known as SAN DIMAS HIGH SCHOOL (hereinafter" SAN DIMAS"), form unknown located at 800 W. Covina Blvd., San Dimas, California 91773 where the incident occurred.  BUSD is located in the County of Los Angeles, State of California.

4.     At all relevant times, Defendant SCOTT PARKS (hereinafter "PARKS") is a resident of the County of Los Angeles, State of California. During the course of the events set forth in these allegations, PARKS was the principal of SAN DIMAS HIGH SCHOOL and is responsible for the administration, maintenance, operation and oversight of SAN DIMAS. As such he was charged with the responsibility of providing A.F. with a free and appropriate public education; protecting A.F. and other BUSD students under his supervision by providing a safe learning environment, free from bullying, discrimination and harassment; and, providing A.F. with fair and appropriate grades based upon merit.

5.     Defendant LAURA NAZARYAN (hereinafter "NAZARYAN") at all times

2

relevant to this complaint is a resident of the County of Los Angeles, State of California.

6.    Defendant ERIN RAMIREZ (hereinafter "RAMIREZ") at all times relevant to this complaint is a resident of the County of Los Angeles, State of California. During the course of the events set forth in these allegations, RAMIREZ was an employee of Defendant SAN DIMAS and is responsible as A.F.'s psychologist. As such she was charged with the responsibility of providing A.F. with mental health support.

7.    Defendant AUROA CHARTER OAKS HOSPITAL (hereinafter "AUROA") at all times relevant to this complaint is a medical center in the City of Covina, County of Los Angeles, State of California.

8.    Defendant SHERIFF OF LOS ANGELES COUNTY (hereinafter "SHERIFF") at all times relevant to this complaint is a government agency charged with the protection of the public in the Count of Los Angles, State of California.

9.    Defendant BUZZ SOCIAL MEDIA (hereinafter "BUZZ") at all times relevant to this complaint is a social media, legal form unknown that was doing business in the County of Los Angeles, State of California.

10.    Defendant JEN DEVINE (hereinafter "DEVINE"), Guardian Ad Litem and mother of Defendant J. DEVINE, a minor, at all times relevant to this complaint is a resident of the County of Los Angeles, State of California.

11.    Defendants J. DEVINE (hereinafter "J. DEVINE") at all times relevant to this complaint are minors and residents of the County of Los Angeles, State of California.

12.    The true names and capacities of any Defendants designated herein as DOES 1-50, inclusive, whether an individual, a business, a public entity, or otherwise, are presently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names, pursuant to *Code of Civil Procedure* section 474. Plaintiff is informed and believes, and on such information and belief alleges, that each Doe Defendant is responsible in some manner for the

1    events alleged herein and Plaintiff will amend the complaint to state the true names and

2    capacities of said Defendants when the same have been ascertained.

3        13.    Plaintiff is informed and believes and thereon alleges that all times herein

4    mentioned, each of the Defendants, including Defendants designated as Does 1-50, inclusive,

5    were at all times relevant to the complaint the agents and employees of each of the remaining

6    Defendants and were at all times acting within the course and scope of such agency and

7    employment and with the full knowledge, consent, authority, ratification and/or permission of

8    each of the remaining Defendants.

9

10       14.    Wherever appearing in this complaint, each and every reference to Defendants,

11   or any of them, is intended to include, and shall be deemed to include, all fictitiously named

12   Defendants. Wherever reference is made in this complaint to any act by a Defendant or

13   Defendants, such allegation and reference shall also be deemed to mean the acts and failures to

14   act of each Defendant acting individually, jointly, and severally. Wherever reference is made in

15   this complaint to individuals who are not named as a Defendant in this complaint, but were the

16   agents, servants, employees, and/or supervisors of Defendants, such individuals at all relevant

17   times acted on behalf of Defendants within the scope of employment.

18

19       15.    Plaintiff is informed and believes, and thereon alleges, that at all times relevant to

20   the Complaint, each Defendant, including Defendants designated as Does 1-50, inclusive, was

21   completely dominated and controlled by his/her/its co-Defendants and was the alter ego of the

22   other as to all events relevant to the complaint.

23

24       16.    A period of less than two calendar years have not yet elapsed after Plaintiff first

25   learned, or had reasonable opportunity to learn, of the facts that the injuries and damages

26   suffered and complained of herein were the result of the acts or omissions to act on the part of

27   the Defendants, and each of them. Further, that prior to the filing of the instant Complaint, the

28   Defendants, and each of them, knew or should have known of their own acts or omissions to act

4

1  on the part of the Defendants, and each of them, and the relationship between said conduct and

2  the harm incurred by the Plaintiff, and failed to disclose those facts and circumstances to the

3  Plaintiff prior to the Plaintiff having reasonable opportunity to learn of said conduct

### JURISDICTION AND VENUE

17.     Jurisdiction is proper in the Superior Court of California, County of Los Angeles, because it has general subject matter jurisdiction and no statutory exceptions to jurisdiction exist.

18.     This Court has personal jurisdiction over Defendants because they are doing business in the County of Los Angeles, State of California.

19.     Plaintiff's injuries occurred within the Los Angeles Judicial District. Plaintiff's damages were also incurred within the Los Angeles Judicial! District.

20.     Plaintiff resides within the Los Angeles Judicial District; SAN DIMAS HIGH SCHOOL, BONITA UNIFIED SCHOOL DISTRICT, AURORA, BUZZ, DIVINE, NAZARYAN, PARKS, and RAMIREZ, are located within the Los Angeles Judicial District. The Los Angeles Judicial District is therefore a proper venue for this litigation.

### FACTUAL ALLEGATIONS

21.   GENEVIEVE FONSECA'S (hereinafter "FONSECA") son, A.F., a sixteen (16) year old, sophomore student at SAN DIMAS within BUSD with PTSD and autistic medical problems was bullied, harassed, and mentally abused by two (2) students namely J. DEVINE from the commencement of the 2022 academic year through the 2023 academic year. At all times herein mentioned, Plaintiff was and is an individual with one or more qualifying disabilities i.e., PTSD and autism identified as a specific learning disability which appears to impact his ability to understand concepts and follow presented materials in an academic setting, including processing deficits in the auditory, visual and sensory motor domains.

22.     A.F.'s parent GENEVIEVE FONSECA (hereinafter "FONSECA") entrusted PARKS with A.F.'S tutelage, supervision and care to her collective detriment.

23.     The bullying and harassment by one peer student was reported to staff at SAN DIMAS; however, nothing was done to prevent or address such matters. No appropriate supervisory, disciplinary or administrative personnel of the Defendants, and each of them, were assigned to intervene, investigate or prohibit such attacks from further continuing.

24.     On or about April 1, 2023, Plaintiff A.F. voluntarily went to AUROA CHARTER OAKS HOSPITAL (hereinafter "AUROA") to discuss with physicians what was bothering him.  Plaintiff was misled and taken advantage by the therapist causing A.F. to be held for a 5150 evaluation and then being held for a 5250 evaluation. Plaintiff remained in the hospital for approximately one (1) week.

25.     Defendant AURORA CHARTER OAKS HOSPITAL disclosed unnecessary medical confidential information in detail of A.F., a minor, to the Sheriff while A.F. was thinking it was going to remain confidential.

26.     Defendant SHERIFF disclosed confidential information in detail to Defendant DEVINE, mother of J.D., who bullied, assaulted and battered A.F.

27.     Defendant DEVINE, mother of J.D., obtained confidential medical information provided to her by SHERIFF members regarding A.F. and posted it in THE BUZZ SOCIAL MEDIA.

28.     Defendant BONITA SCHOOL BOARD permitted parents to speak false statements of A.F.'S mental health before the public in their school board meeting.

29.     On or about April 12, 2023. Defendant SCOTT PARKS, principal of Defendant SAN DIMAS HIGH SCHOOL sent out an inflammatory false letter to all parents of student

6

arousing ugliness towards A.F., thus preventing A.F. from attending school from April 11, 2023 until one (1) week before school ended. A.F. only had schooling for one (1) hour per day, five (5) days a week.

30.     Defendant RAMIREZ, school psychologist removed confidential medical information without permission from A.F.'s AURORA CHARTER OAKS HOSPITAL medical records and inserted it into A.F.'s Triennial IEP Report.

31.     A.F.'s family requested RAMIREZ remove the confidential medical information from the report as it was not a school item; however, RAMIREZ refused to remove the permanent record which A.F.'s mother never approved thus violating A.F.'s private confidentiality.

32.     Defendant NAZARYAN libeled A.F. by stating that A.F. was expelled from school when in fact he was never expelled.

33.     Defendant AURORA CHARTER OAKS HOSPITAL disclosed excessive medical confidential information in detail of A.F., a minor to the Sheriff.

34.     As a direct and proximate result of the conduct of Defendants, and each of them, Plaintiff sustained severe and serious mental injuries to his person, all to Plaintiffs further damage in a sum in excess of the jurisdictional minimum of this Court and to be shown according to proof.

35.     As a further direct and proximate result of the conduct of Defendants, and each of them, Plaintiff has been required to employ the services of physicians, nurses, psychiatrists, psychologists, and other professional services. Plaintiff is informed and believes and thereon alleges that further services of said nature will be required by Plaintiff in an amount to be shown according to proof.

36.     As a further direct and proximate result of the conduct of Defendants, and each of them, Plaintiff has been injured in his educational opportunities in a manner to be shown according to proof.

37.     Defendants BUSD and SAN DIMAS have received federal and state funds and benefits based on Plaintiff's enrollment at SAN DIMAS.

## FIRST CAUSE OF ACTION - VIOLATION OF AMERICANS WITH DISABILITIES ACT (42 U.S.C. §12101 et seq.)

### (Against Defendants BUSD, SAN DIMAS, and DOES 1-10, inclusive)

38.     Plaintiff re-alleges and incorporates herein by reference the allegations made in paragraphs above inclusive, as though fully set forth herein.

39.     Plaintiff is, and at all times mentioned herein was, an individual with one or more qualifying disabilities i.e., PTSD and autism identified as a specific learning disability which appears to impact his ability to understand concepts and follow presented materials in an academic setting, including processing deficits in the auditory, visual and sensory motor domains. Plaintiff is, and at all times mentioned herein was, otherwise qualified to participate in or receive the benefit of some of BUSD and SAN DIMAS services, activities, and programs.

40.     Defendants, and each of them, discriminated against, and not protecting A.F. from bullying by omissions and committing acts of wanton and willful disregard for Plaintiff's safety and well-being. Defendants, and each of them, perpetrated and/or allowed the perpetration of physical and emotional abuse upon Plaintiff on the basis of his disability. As such, Defendants, and each of them, discriminated against Plaintiff by denying him a safe and accessible learning environment. Defendants, and each of them, and subjecting A.F. to classes to be held in an

8

1   abusive, intimidating, and unsafe environment. Defendants, and each of them, deprived Plaintiff

2   of educational opportunities on the basis of his disability.

3       41.   Defendants, and each of them, discriminated against Plaintiff, and denied him and

4   excluded him from the benefits of a federally assisted program, and discriminated against

5   Plaintiff solely on the basis of Plaintiff's disability.

6

7   ## SECOND CAUSE OF ACTION -VIOLATION OF REHABILITATION ACT §

8   ## 504 (29 U.S.C. § 794)

9   ### (Against Defendant BUSD, SAN DIMAS and DOES 1-50, inclusive)

10

11       42.   Plaintiff re-alleges and incorporates herein by reference the allegations made in

12   paragraphs above inclusive, as though fully set forth herein.

13       43.   Plaintiff is, and at all times mentioned herein was, an individual with a qualifying

14   disability identified as a specific learning disability which appears to impact his ability to

15   understand concepts and follow presented materials in an academic setting, including processing

16   deficits in the auditory, visual and sensory motor domains. Therefore, Plaintiff is a qualified

17   handicapped individual.

18       44.   Defendants, and each of them, discriminated against Plaintiff with willful disregard

19   for Plaintiffs safety and well-being. Defendants, and each of them, perpetrated and/or allowed

20   the perpetration of physical and emotional abuse upon Plaintiff on the basis of his disability.

21

22   Defendants denied Plaintiff a safe and accessible learning environment by committing

23   discriminatory acts that included, but were not limited to failing to provide

24   appropriate supervisory, disciplinary or administrative personnel for his health and safety; and,

25   failing to assign personnel to intervene, investigate or prohibit physical and harassment attacks

26   from further continuing.

27

28

9

45.    Defendants, and each of them, subjected Plaintiff to trauma by situating him into an abusive, intimidating, and unsafe environment which permitted one student peer to perpetuate their attacks unchecked, unsupervised and with apparent impunity from school personnel.

46.    Defendants, and each of them, committed the unlawful and deliberately indifferent acts herein alleged against Plaintiff with complete disregard for Plaintiff's safety and well-being, and despite knowing of the issues and potential dangers presented to Plaintiff before such acts occurred.

**THIRD CAUSE OF ACTION - VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)**

**(Against Defendants BAUSD, SAN DIMAS and DOES 1-50, inclusive)**

47.    Plaintiff re-alleges and incorporates herein by reference the allegations made in paragraphs above inclusive, as though fully set forth herein.

48.    Jurisdiction of this court arises under 28 U.S.C. 1331, 1337, 1343(a), and 1367(a); 42 U.S.C. 1983, 1985, and 1988; and 18 U.S.C. 1961-1968.

49.    Plaintiff sues all public employees in their official and individual capacities.

50. Plaintiff is, and at all times mentioned herein was, an individual with one or more qualifying disabilities identified as a specific learning disability which appears to impact his ability to understand concepts and follow presented materials in an academic setting, including processing deficits in the auditory, visual and sensory motor domains.

50.    At all times mentioned herein, Defendants were responsible for the policies, procedures, customs, and practices implemented throughout the departments of BUSD and SAN DIMAS by their various agents and employees, and for the injuries occasioned thereby.

51.    Defendants, and each of them, were further responsible for the promulgation and implementation of policies, procedures, customs, and practices at BUSD and SAN DIMAS.

10

52. Defendants, and each of them, acted under color of law, and were authorized by, and carried with them, the badge of state authority in committing the acts and/or omissions in violation of Plaintiff's civil rights.

53.   Acting under the color of law, Defendants' conduct, policies, procedures, customs, and practices worked a denial of Plaintiff's rights, privileges, or immunities secured by the United States Constitution or by federal law.

54.   Defendants deprived Plaintiff of his constitutional right to substantive due process and equal protection under the Fourteenth Amendment of the U.S. Constitution by subjecting Plaintiff to physical abuse, violating his bodily integrity, and treating Plaintiff unequally, differently, and less favorably than non-disabled persons because of her disability. Defendants, and each of them, perpetrated and/or allowed the perpetration of physical and emotional abuse upon Plaintiff on the basis of his disability. As such, defendants, and each of them, discriminated against Plaintiff by denying him a safe and accessible school environment free of abuse, which resulted in physical pain, mental suffering, and irreparable educational harm to Plaintiff.

55.   Defendants further deprived Plaintiff of his constitutional rights to substantive due process and equal protection under the Fourteenth Amendment of the U.S. Constitution by subjecting Plaintiff to physical abuse, violating his bodily integrity, and treating Plaintiff unequally, differently, and less favorably than similarly situated disabled persons. Defendants, and each of them, perpetrated and/or allowed the perpetration of physical and emotional abuse upon Plaintiff on the basis of his disability. As such, defendants, and each of them, discriminated against Plaintiff by denying him a safe and accessible school environment free of abuse, which resulted in physical pain, mental suffering, and irreparable educational harm to Plaintiff.

11

56.   Defendants' conduct constituted wanton, willful, and conscious disregard for Plaintiffs safety and well-being, and operated to deny his constitutional rights because of his disability.

57.   Defendants purposely discriminated against Plaintiff by physically and emotionally abusing him because he has been diagnosed for a disability, or else by affirmatively placing him in a dangerous situation, even after knowing of the potential for abuse towards Plaintiff. Defendants acted with deliberate indifference to a known danger and subjected Plaintiff to that danger.

58.   Defendants committed the wrongs herein in bad faith and/or with such a gross misjudgment as to purposefully discriminate against Plaintiff and/or to commit such acts knowing of Plaintiff's disability and acting in conscious disregard of Plaintiff's constitutional rights.

59.   Defendants, and each of them, acted under the official policy, practice or custom promulgated by the BUSD and SAN DIMAS, and discriminated against Plaintiff on the basis of his disability pursuant to an official custom, policy or practice.

60.   As a result of the conduct of Defendants, Plaintiff was deprived of his rights to equal protection of the laws and to due process of the law, in violation of the Fourteenth Amendment of the Constitution and 42 U.S.C. §1983.

**FOURTH CAUSE OF ACTION -UNRUH CIVIL RIGHTS ACT VIOLATIONS (Civil Code §§ 51, 51.5, 52)**

**(Against Defendants BUSD, SAN DIMAS and DOES 1-50, inclusive)**

61.   Plaintiff re-alleges and incorporates herein by reference the allegations made in paragraphs above inclusive, as though fully set forth herein.

62.   The conduct of Defendants, and each of them, deprived Plaintiff of full and equal accommodations, advantages, facilities, privileges, and services at SAN DIMAS within the

BUSD because of his disabilities. Defendants, and each of them, aided in such discrimination and in the denial of such full and equal accommodations, advantages, facilities, privileges, and services at BUSD.

**FIFTH CAUSE OF ACTION - VIOLATION OF <u>CALIFORNIA CIVIL CODE § 1714</u>**

**(Against Defendants BUSD, SAN DIMAS and DOES 1-50, inclusive)**

63.    Plaintiff re-alleges and incorporates herein by reference the allegations made in paragraphs above inclusive, as though fully set forth herein.

64.    Defendants, and each of them, were responsible, not only for the result of their own willful acts, but also for injuries occasioned to another by their want of ordinary care or skill in the management of their property or person. Defendants, and each of them, breached this duty to Plaintiff, and violated school supervision policies, by negligently and refusing to provide Plaintiff with a safe and healthy learning environment; to provide appropriate supervisory, disciplinary and administrative personnel to intervene, investigate or prohibit physical and harassment attacks, which had occurred and been previously reported, from further continuing. As such, Defendants, in conscious disregard of Plaintiff's rights, caused him extreme physical injury, and continuing mental and emotional injuries.

65.    Defendants, and each of them, are responsible to Plaintiff for his physical, mental and emotional injuries caused by another, due to Defendants' want of ordinary care and skill in the supervision of the disabled and non-disabled students entrusted to them. Defendants, and each of them, were responsible for the health, safety and supervision of their students and negligently failed to take the necessary precautions or to follow the appropriate procedures in order to prevent such an injury from occurring. At no point did Plaintiff willfully or by want of his own ordinary care, perform any acts or omissions to act, that brought this injury upon him.

**SIXTH CAUSE OF ACTION – VIOLATION OF <u>CALIFORNIA GOVERNMENT CODE</u>**

**<u>§ 815.2</u>**

**(Against Defendants BUSD, SAN DIMAS and DOES 1-50, inclusive)**

66.   Plaintiff re-alleges and incorporates herein by reference the allegations made in paragraphs above inclusive, as though fully set forth herein.

67.   BUSD is vicariously liable to Plaintiff for his physical, mental and emotional injuries suffered as a result of the actions of defendant's employees who were hired and trained to educate, supervise and also do the same for students with disabilities at SAN DIMAS.

68.   At all times mentioned herein, teachers, administrators and other employees of SAN DIMAS, and each of them, were responsible for the health, safety, and care, as well as the supervision and monitoring, of the special needs students in question were employees of defendant BUSD, as that term is defined in <u>Government Code § 810.2</u>. As such, defendant BUSD, SAN DIMAS and DOES 1-50, inclusive, and each of them, is/arc vicariously liable for all injuries suffered by Plaintiff because of the acts or omissions of its employees. Said teachers, administrators and other employees of SAN DIMAS were employees of BUSD and were the proximate cause of Plaintiff's injury. Their negligent acts and omissions were performed within the scope of their employment and would give rise to a cause of action against each of the employees individually.

**SEVENTH CAUSE OF ACTION – VIOLATION OF <u>CALIFORNIA GOVERNMENT</u>**

**<u>CODE § 820</u>**

**(Against SAN DIMAS, BUSD and DOES 1-50 and each of them,)**

69. Plaintiff re-alleges and incorporates herein by reference the allegations made in paragraphs above inclusive, as though fully set forth herein.

14

70. The teachers, administrators and other employees of SAN DIMAS were employees of BUSD, and each of them, were assigned to intervene, investigate or prohibit such attacks from further continuing, and are further held liable for Plaintiff's physical, mental and emotional injuries suffered as a result of their failure to adequately supervise the disabled students in their care and for refusing to abide by school policy on student supervision. Defendants, and each of them, would be liable for the Plaintiff's injuries to the same extent as if they were private persons.

## EIGHTH CAUSE OF ACTION – ASSAULT AND BATTERY

### (Against Defendants J. DEVINE, a minor, and DOES 1-50, inclusive)

71. Plaintiff re-alleges and incorporates herein by reference the allegations made in paragraphs above inclusive, as though fully set forth herein.

72. At all times mentioned herein, Defendants J. DEVINE, a minor, and DOES 1-50, inclusive, and each of them, intentionally, unlawfully, and with the intent to cause injury, and/or negligently and recklessly, battered the person of Plaintiff, thereby causing severe and serious injuries and damages. Plaintiff did not at any time consent to the assault, battery, or injury to his body.

73. Plaintiff is informed and believes and thereon alleges that the actions of the above-mentioned Defendant(s), and each of them, was/were done intentionally, with malice, and with conscious disregard for the rights and safety of Plaintiff and with an intent to vex, injure, and annoy Plaintiff, such as to constitute oppression, fraud, and malice under California Civil Code Section 3294, entitling Plaintiff to punitive damages.

74. As a direct, proximate and legal cause and result of the acts and omissions of the above-mentioned Defendant(s), and each of them, as alleged, Plaintiff suffered physical, mental and emotional injuries, was hurt and injured in his health, strength, and activity, sustaining injury to his nervous system and person, all of which have caused and continue to cause Plaintiff

irreparable and long-term psychological, mental, physical, emotional, and nervous pain and

suffering, including humiliation, shame, loss of sleep, anxiety, worry, degradation,

embarrassment, trauma, and depression. Plaintiff is informed and believes and thereon alleges

that all of these injuries have resulted in permanent disability to him, including permanent and

exacerbation of learning disabilities. As a result of these injuries, Plaintiff has suffered general

damages and special damages in the amount to proven at trial.

## NINTH CAUSE OF ACTION – NEGLIGENT SUPERVISION

### (Against Defendants PARENT JEN DEVINE, and DOES 1-50, inclusive)

75.   Plaintiff re-alleges and incorporates herein by reference the allegations made in

paragraphs above inclusive, as though fully set forth herein.

76.   At all times mentioned herein, PARENT JEN DEVINE, and DOES 1-50, inclusive,

and each of them ("PARENT DEFENDANTS"), as the parents and/or legal guardians of J.

DEVINE, a minor, and DOES  1-50, inclusive, ("STUDENT DEFENDANTS"), had the

opportunity and ability to control the conduct of the STUDENT DEFENDANTS. In failing to

exercise this authority and control responsibly, PARENT DEFENDANTS breached their duty to

supervise the conduct of their minor children.

77.   At all times mentioned herein, PARENT DEFENDANTS negligently, carelessly,

recklessly, wantonly, and unlawfully allowed STUDENT DEFENDANTS to remain

inadequately supervised so as to directly and proximately cause injury to Plaintiff. Prior to the

incidents and injuries described herein, PARENT DEFENDANTS were aware of the careless,

reckless, violent, and assaultive propensities of STUDENT DEFENDANTS, as they had

committed such acts in the past and these facts were known to all defendants. Moreover, the

violent atmosphere and conditions at SAN DIMAS were common knowledge, as this issue was

the subject of frequent comment and discourse among parents of SAN DIMAS students.

PARENT DEFENDANTS knew of the foreseeable consequences of the STUDENT

DEFENDANTS' violent tendencies, but failed to exercise reasonable care to prevent the predictable resulting injury to other students, including Plaintiff.

78.   As a direct, proximate and legal cause and result of the acts and omissions of the Defendants, and each of them, as alleged, Plaintiff suffered physical, mental and emotional injuries, was hurt and injured in his health, strength, and activity, sustaining injury to his nervous system and person, all of which have caused and continue to cause Plaintiff irreparable and long-term psychological, mental, physical, emotional, and nervous pain and suffering, including humiliation, shame, loss of sleep, anxiety, worry, degradation, embarrassment, trauma, and depression. Plaintiff is informed and believes and thereon alleges that all of these injuries have resulted in permanent disability to him, including permanent and exacerbation of learning disabilities. As a result of these injuries, Plaintiff has suffered general damages and special damages in the amount to proven at trial.

### TENTH CAUSE OF ACTION -NEGLIGENT SUPERVISION

### (Against Defendants BUSD, SAN DIMAS and DOES 91-100)

79.   Plaintiff re-alleges and incorporates herein by reference the allegations made in paragraphs above inclusive, as though fully set forth herein.

80.   At all times mentioned herein, Plaintiff and his classmates at SAN DIMAS had the right to attend a safe school, and Defendants BUSD, SAN DIMAS and DOES 1 through 50 (collectively "SCHOOL DEFENDANTS") had a duty to provide safe school premises and an environment fit for learning. SCHOOL DEFENDANTS had a duty to protect minors entrusted to their charge in a school

17

setting, a duty to supervise the conduct of students on school grounds, and to enforce such rules and regulations necessary for the protection of the students. SCHOOL DEFENDANTS had a special relationship with their students, including Plaintiff, imposing upon them an affirmative duty to take all reasonable steps to protect their students.

81.   SCHOOL DEFENDANTS breached all of the above duties, abdicating their legal responsibilities with conscious disregard of the probable dangerous consequences, including physical attacks and harassment, particularly that involving the Plaintiff.

82.   At all times mentioned herein, SCHOOL DEFENDANTS negligently, carelessly, recklessly, wantonly, and unlawfully allowed students, including STUDENT DEFENDANTS, to remain inadequately supervised so as to directly and proximately cause injury to Plaintiff. Prior to the injuries and incidents described herein, SCHOOL DEFENDANTS were aware of the careless, reckless, violent, and assaultive propensities of STUDENT DEFENDANTS, as the latter had committed such acts in the past and these acts were known to all defendants. SCHOOL DEFENDANTS in particular had received notice and complaints regarding such acts, and these tendencies were common knowledge throughout SAN DIMAS and particularly well known to all Defendants.

83.   Further, it was foreseeable to SCHOOL DEFENDANTS that STUDENT DEFENDANTS would engage in the type of conduct that caused injury to Plaintiff. Common sense informs that it is foreseeable that adolescent middle and high school

students would engage in rash behavior and exhibit a lack of concern for the safety of others, particularly when there have been prior reported problems between specific individual students. Moreover, the specific conduct and consequences thereof that are described herein were plainly foreseeable to the SCHOOL DEFENDANTS in that, among other things: SCHOOL DEFENDANTS received complaints about such behavior from concerned parents and students; little to no effort was made by the STUDENT DEFENDANTS to conceal their abusive tactics; and SCHOOL DEFENDANTS had made no significant efforts to prevent such behavior or to effectively discipline prior offenders. Having knowledge of the dangerous and violent behavior of STUDENT DEFENDANTS, SCHOOL DEFENDANTS, deliberately failed to provide reasonable supervision and oversight.

84.   SCHOOL DEFENDANTS allowed and tolerated - and thereby ratified - a culture of violence on the premises of SAN DIMAS, wherein Plaintiff would be bullied, attacked and harassed by striking, beating upon, and punching him in a number of settings on school grounds. SCHOOL DEFENDANTS had knowledge of such conduct, which had been reported to them and which was the frequent subject of public and parental comment. However, SCHOOL DEFENDANTS, and each of them, failed to take reasonable steps to discipline STUDENT DEFENDANTS; to prevent violence against students, including Plaintiff; or to protect students like Plaintiff from the assaultive propensities of STUDENT DEFENDANTS.

85.   Incidents of violence against Plaintiff and other students were directly reported to chief administrators at SAN DIMAS. As such, SCHOOL DEFENDANTS

had actual knowledge that Plaintiff had already been assaulted and was subject to a heightened risk of harm. Despite this, SCHOOL DEFENDANTS, and each of them, continued to leave Plaintiff and other students in their charge unsupervised, and deliberately failed to take adequate measures to ensure the students' safety and protect them from continued violence.

86.   SCHOOL DEFENDANTS ignored warnings of violence against Plaintiff and willfully and deliberately refused to provide reasonable supervision and protection despite their actual knowledge of the foreseeable consequences. SCHOOL DEFENDANTS' conduct amounted to a conscious and reckless disregard for the safety of Plaintiff and other students, warranting the imposition of punitive damages, except as against BUSD and SAN DIMAS.

**ELEVENTH CAUSE OF ACTION - <u>CIVIL CODE SECTION 1714.1</u>**

**(Against Defendants PARENT JEN DIVINE and DOES 1-50)**

87.   Plaintiff re-alleges and incorporates herein by reference the allegations made in paragraphs above inclusive, as though fully set forth herein.

88.   Pursuant to the dictates of <u>California Civil Code section 1714.1</u>, PARENT DEFENDANTS are liable for the acts of willful misconduct of their minor children which resulted in injury to Plaintiff. Such misconduct is imputed to PARENT DEFENDANTS, for all purposes of civil damages.

**TWELFTH CAUSE OF ACTION – INTENTIONAL INFLICTION OF**

**EMOTIONAL DISTRESS**

**(Against Defendants PARENT JEN DIVINE and DOES 1-50)**

89. Plaintiff re-alleges and incorporates herein by reference the allegations made in paragraphs above inclusive, as though fully set forth herein.

90. At all times mentioned in here, the actions and conduct of Defendants, and each of them, was extreme and outrageous and was done with the intention of causing, or reckless disregard of the probability of causing, emotional distress to Plaintiff, and which in fact did occur to Plaintiff as a direct consequence of the intentional and/or reckless acts of the Defendants, and each of them.

91. As the actual and proximate cause of the extreme and outrageous conduct and actions of the Defendants, and each of them, Plaintiff suffered severe and extreme emotional distress and sustaining injury to his nervous system and person, all of which have caused and continue to cause Plaintiff irreparable and long-term psychological, mental, physical, emotional, and nervous pain and suffering, including humiliation, shame, loss of sleep, anxiety, worry, degradation, embarrassment, trauma, and depression.

92. There was a pattern of extreme and outrageous conduct directed against Plaintiff by Defendants, and each of them, consisting of physical violence, threats of grave bodily harm, derogatory name-calling, harassment, intimidation, encouragement of suicide, and other forms of cruelty and abuse rendered against Plaintiff regularly and without any apparent restraint. Also, those Defendants, and each of them, standing in the relationship to Plaintiff of *in loco parentis* failed and refused to discipline or restrain the perpetrators, and thus expressly or tacitly condoning and/or ratifying such outrageous conduct.

93.   Plaintiff was vulnerable to the aforementioned conduct of the Defendants, and each of them, and Defendants knew Plaintiff was a qualified individual with a disability, had special needs.

94.   Defendants, and each of them, owed, but breached, duties of care owed to Plaintiff, which resulted in harm to Plaintiff. Defendants, and each of them, were in a position of power and control over Plaintiff.

95.   The aforementioned conduct was willful, wanton, malicious, and oppressive. The acts were done with a conscious disregard for Plaintiff's rights and subjected him to cruel and unjust hardship and injury. Therefore, Plaintiff is entitled to punitive damages against all of the aforementioned named Defendants, and each of them, except BUSD and SAN DIMAS, in amounts to be proven at trial.

96.   As a direct, proximate and legal cause and result of the acts and omissions of the Defendants, and each of them, as alleged, Plaintiff suffered physical, mental and emotional injuries, was hurt and injured in his health, strength, and activity. Plaintiff is informed and believes and thereon alleges that all of these injuries have resulted in permanent disability to him, including permanent and exacerbation of learning disabilities. As a result of these injuries, Plaintiff has suffered general damages and special damages in the amount to proven at trial.

## THIRTEENTH CAUSE OF ACTION - NEGLIGENT INFLICTION OF

## EMOTIONAL DISTRESS

### (Against Defendants PARENT JEN DIVINE and DOES 1-50)

97.   Plaintiff re-alleges and incorporates herein by reference the allegations made in

paragraphs above inclusive, as though fully set forth herein.

98.   At all times mentioned in here, Defendants, and each of them, were under a duty to exercise due care in taking all responsible steps to protect, instruct, discipline and supervise their children and students, and to be responsible themselves in the management and care of their own person and conduct.

99.   Defendants, and each of them, repeatedly breached this duty of care to Plaintiff by failing to take reasonable steps to protect him from violence, and by acting in retaliation against Plaintiff for informing them that he was being harassed, bullied, and assaulted by peer students, and by the STUDENT DEFENDANTS who engaged in physical assaults and harassment of Plaintiff.

100.   As a direct, proximate and legal cause and result of the acts and omissions of the Defendants, and each of them, as alleged, Plaintiff suffered physical, mental and emotional injuries, was hurt and injured in his health, strength, and activity, sustaining injury to his nervous system and person, all of which have caused and continue to cause Plaintiff irreparable and long-term psychological, mental, physical, emotional, and nervous pain and suffering, including humiliation, shame, loss of sleep, anxiety, worry, degradation, embarrassment, trauma, and depression. Plaintiff is informed and believes and thereon alleges that all of these injuries have resulted in permanent disability to him, including permanent and exacerbation of learning disabilities. As a result of these injuries, Plaintiff has suffered general damages and special damages in the amount to proven at trial.

**FOURTEENTH CAUSE OF ACTION-INVASION OF PRIVACY**

**(Against BONITA, SAN DIMAS, AURORA, BUZZ, DEVINE, RAMIREZ, SHERIFF, and Does 1-50, inclusive)**

101.   Plaintiff re-alleges and incorporates herein by reference the allegations made in paragraphs above inclusive, as though fully set forth herein.

102.   A.F. has a right to be free from intrusion into his private affairs, namely confidential information regarding medical and learning disabilities information submitted by the following:

a. RAMIREZ filed confidential information into his Educational IEP;

b. AURORA disclosed unnecessary confidential information to Sheriff;

c. DEVINE posted confidential medical information of A.F. on the BUZZ SOCIAL MEDIA;

d. SHERIFF disclosed in detail confidential information of A.F. who provided that information to Defendant DEVINE, mother of J. DEVINE. who bullied and assaulted A.F.;

e. BONITA SCHOOL BOARD permitted parents to speak falsehoods of A.F. before school board meeting; and

f. BUZZ SOCIAL MEDIA posted confidential medical information of A.F.

103.   A.F. had a reasonable expectation of privacy as to the confidential information submitted to the RAMIREZ for an IEP and any statements made on their behalf during official Board meetings of the BONITA SCHOOL BOARD meetings (the Local Education Agency that set the policies and procedures impacting students with disabilities).

104.   Information as to A.F.'s learning disability and/or application for an IEP was disseminated or publicly disclosed by an employee or agent of the BUSD to a third party and/or BUZZ SOCIAL MEDIA without the consent of A,F. or his  parent in blatant violation of FERPA, the IDEA *Education Code* § 49076. More specifically, on information and belief, RAMIREZ and others within her department intentionally or negligently allowed RAMIREZ'S

24

1  request for an IEP to be disseminated to others and this information was disclosed to DEVINE,

2  by the SHERIFF who sent it to BUZZ SOCIAL MEDIA.

3      105.   The actions and conduct of the RAMIREZ, and others within her department, and

4  DEVINEs constitute a serious invasion of A.F.'s privacy and was highly offensive and

5  objectionable to a reasonable person. *Government Code § 815.6* states:

6  "Where a public entity is under a mandatory duty imposed by an enactment that is designed to

7  protect against the risk of a particular kind of injury, the public entity is liable for an injury of

8  that kind proximately caused by its failure to discharge the duty unless the public entity

9  establishes that it exercised reasonable diligence to discharge the duty."

10

11  Section 815.6 does not state that the enactment or statute imposing the mandatory duty **must**

12  **provide for a legal remedy** in order for a public entity to be held liable for having violated a

13  statute. The California Tort Claims Act provides that a public agency is liable for injuries

14  proximately caused by an act or omission of an employee of the public agency within the scope

15  of his employment if the act or omission would have given rise to a cause of action against that

16  employee. *Government Code § 815.2(a)*. A public employee is liable for injuries caused by his

17  or her acts or omissions to the same extent as a private person (*Government Code § 820(a)*) and

18  the public agency is vicariously liable for any injuries caused by the employee to the same

19  extent as a private employer. *Government Code § 815(b)*; *Hoff v. Vacaville Unified School

20  District* (1998) 19 Cal.4th 925, 932. Thus, the general rule is that an employee of a public entity

21  (in this case RAMIREZ, others within her department, are liable for their torts to the same

22  extent as a private persons and the public entity is vicariously liable for any injury which its

23  employees cause to the same extent as a private employer. *Societa per Azioni de Navigazione

24  Italia v. City of Los Angeles* (1982) 31 Cal.3d 446, 463.

25      106.   As a proximate cause of such invasion of privacy, A.F. has suffered damage to

26

27

28

his reputation, standing in the community, personal humiliation, mental anguish and suffering. A.F. have sustained consequential, general and specific damages, which will be established according to proof at the time of trial.

107.   A.F. has a right to be free from intrusion into his private affairs, namely confidential information regarding a learning disability and applications submitted to the BUSD for an IEP.

108.   A.F. had a reasonable expectation of privacy as to the confidential information submitted to the BUSD for an IEP and any statements made on their behalf during official Board meetings of the BUSD and/or SAN DIMAS meetings (the Local Education Agency that set the policies and procedures impacting students with disabilities).

109.   Information as to A.F.'s learning disability and/or application for an IEP was disseminated or publicly disclosed by an employee or agent of the BUSD to a third party and/or BUZZ SOCIAL MEDIA without the consent of A.F. or his parent in blatant violation of FERPA, the IDEA *Education Code* § 49076. More specifically, on information and belief, RAMIREZ and others within her department intentionally or negligently allowed RAMIREZ'S request for an IEP to be disseminated to others and this information was disclosed to DEVINE, who sent the BUZZ SOCIAL MEDIA post.

110.   The actions and conduct of the BUSD, RAMIREZ and others within her department, constitute a serious invasion of A.F.'s privacy and was highly offensive and objectionable to a reasonable person. *Government Code* § 815.6 states:

"Where a public entity is under a mandatory duty imposed by an enactment that is designed to protect against the risk of a particular kind of injury, the public entity is liable for an injury of that kind proximately caused by its failure to discharge the duty unless the public entity establishes that it exercised reasonable diligence to discharge the duty."

26

1  Section 815.6 does not state that the enactment or statute imposing the mandatory duty **must**

2  **provide for a legal remedy** in order for a public entity to be held liable for having violated a

3  statute. The California Tort Claims Act provides that a public agency is liable for injuries

4  proximately caused by an act or omission of an employee of the public agency within the scope

5  of his employment if the act or omission would have given rise to a cause of action against that

6  employee. *Government Code* § 815.2(a). A public employee is liable for injuries caused by his

7  or her acts or omissions to the same extent as a private person (*Government Code* § 820(a)) and

8  the public agency is vicariously liable for any injuries caused by the employee to the same

9  extent as a private employer. *Government Code* § 815(b); *Hoff v. Vacaville Unified School*

10  *District* (1998) 19 Cal.4th 925, 932. Thus, the general rule is that an employee of a public entity

11  (in this case RAMIREZ, others within her department) are liable for their torts to the same

12  extent as a private persons and the public entity is vicariously liable for any injury which its

13  employees cause to the same extent as a private employer. *Societa per Azioni de Navigazione*

14  *Italia v. City of Los Angeles* (1982) 31 Cal.3d 446, 463.

15  

16  

17      111.   As a proximate cause of such invasion of privacy, A.F. has suffered damage to his

18  reputation, standing in the community, personal humiliation, mental anguish and suffering. A.F.

19  has sustained consequential, general and specific damages, which will be established according

20  to proof at the time of trial.

21      112.   A.F. has a right to be free from intrusion into his private affairs, namely

22  confidential information regarding a learning disability and applications submitted to the BUSD

23  for an IEP.

24  

25      113.   A.F. had a reasonable expectation of privacy as to the confidential information

26  submitted to the BUSD for an IEP and any statements made on his

27  behalf during official Board meetings of the BUSD and/or SAN DIMAS meetings (the Local

28  Education Agency that set the policies and procedures impacting students with disabilities).

27

114.   Information as to A.F.'s learning disability and/or application for an IEP was disseminated or publicly disclosed by an employee or agent of the BUSD to a third party and/or BUZZ SOCIAL MEDIA without the consent of A.F. or his parents in blatant violation of FERPA, the IDEA *Education Code § 49076*. More specifically, on information and belief, RAMIREZ, school psychologist and others within her department intentionally or negligently allowed RAMIREZ'S request for an IEP to others and this information was disclosed to DEVINE, who sent it to the BUZZ SOCIAL MEDIA post.

115.   The actions and conduct of the BUSD, RAMIREZ and others within her department, and DEVINE constitute a serious invasion of A.F.'s privacy and was highly offensive and objectionable to a reasonable person. *Government Code § 815.6* states: "Where a public entity is under a mandatory duty imposed by an enactment that is designed to protect against the risk of a particular kind of injury, the public entity is liable for an injury of that kind proximately caused by its failure to discharge the duty unless the public entity establishes that it exercised reasonable diligence to discharge the duty."

Section 815.6 does not state that the enactment or statute imposing the mandatory duty **must provide for a legal remedy** in order for a public entity to be held liable for having violated a statute. The California Tort Claims Act provides that a public agency is liable for injuries proximately caused by an act or omission of an employee of the public agency within the scope of his employment if the act or omission would have given rise to a cause of action against that employee. *Government Code § 815.2(a)*. A public employee is liable for injuries caused by his or her acts or omissions to the same extent as a private person (*Government Code § 820(a)*) and the public agency is vicariously liable for any injuries caused by the employee to the same extent as a private employer. *Government Code § 815(b)*; *Hoff v. Vacaville Unified School District* (1998) 19 Cal.4th 925, 932. Thus, the general rule is that an employee of a public entity (in this case RAMREZ, others within her department) are liable for their torts to the same extent

28

as a private persons and the public entity is vicariously liable for any injury which its employees cause to the same extent as a private employer. *Societa per Azioni de Navigazione Italia v. City of Los Angeles* (1982)31 Cal.3d 446, 463.

116.   As a proximate cause of such invasion of privacy, A.F. have suffered damage to their reputation, standing in the community, personal humiliation, mental anguish and suffering. A.F. have sustained consequential, general and specific damages, which will be established according to proof at the time of trial.

### FIFTEENTH CAUSE OF ACTION-LIBEL PER SE

### (Against PARKS, DEVINE, BUZZ, NAZARYAN and DOES 1-50)

117.   Plaintiff re-alleges and incorporates herein by reference the allegations made in paragraphs above inclusive, as though fully set forth herein.

118.   As alleged herein, DEVINE, mother of J. DEVINE, one of the bullies posted confidential medical information provided to her by the SHERIFF and false information regarding A.F. on BUZZ SOCIAL MEDIA.

119.   The publication of these false statements on BUZZ SOCIAL MEDIA by DEVINE about A.J. were read by many people in the community and were made without his authorization or consent and were not otherwise privileged. The statements were also made with knowledge that they were false or with reckless disregard of the falsity of the publicized matter.

120.   The statements were libelous per se as they defamed A.F. without the necessity of explanation or extrinsic facts and had a natural tendency to injure or cause special damage. *Civil Code § 45a*.

120.   The statements exposed A.F. to ridicule and disgrace and were injurious to his occupation.

121.   As a proximate cause of such statements, A.F. has suffered damage to reputation, shame, mortification and hurt feelings. *Civil Code § 48a(4)(a)*. He has further sustained

compensatory, general and special damages, which will be established according to proof at the time of trial. The statements by PARKS, DEVINE, BUZZ, NAZARYAN and DOES 1-50 were made with conscious disregard for the truth of the matter and the rights and wellbeing of A.F. and thereby justifies the imposition of punitive damages as a means to punish Kubes and deter future such acts.

**SIXTEENTH CAUSE OF ACTION-FAST LIGHT**

**(Against DEVINE, PARKS, NAZARYAN and DOES 1 thru 50)**

122.    Plaintiff re-alleges and incorporates herein by reference the allegations made in paragraphs above inclusive, as though fully set forth herein.

123.   As alleged herein, DEVINE posted a written statement on BUZZ SOCIAL MEDIA revealing A.F.'S confidential medical information,

124.   As alleged herein, PARKS send out an inflammatory false letter to all parents of student arousing ugliness towards A.F., thus preventing A.F. from attending school from April 11, 2023 until one (1) week before school ended. A.F. only had schooling for one (1) hour per day five days a week. These statements were false and were read by others.

125.   As alleged herein, NAZARYAN libeled A.F. by stating to others that A.F. was expelled from school when in fact he was never expelled.

126.   The publication of these false statements on BUZZ SOCIAL MEDIA by DEVINEs about A.F., the April 11, 2023 false letter written by PARKS, and false statements made by NAZARYAN of A.F. being expelled were read by many people in the community and were made without his authorization or consent and were not otherwise privileged. The statements were also made with knowledge that they were false or with reckless disregard of the falsity of the publicized matter.

127.   The statements by DEVINE, PARKS and NAZARYAN placed A.F. in a false light and were and otherwise would be highly offensive to A.F. and to a reasonable person.

30

128.   The statements were libelous per se as they defamed A.F. without the necessity of explanation or extrinsic facts. *Civil Code § 45a.*

129.   The statements exposed A.F. to ridicule and disgrace and were injurious to his occupation.

130.   As a proximate cause of such statements, A.F. has suffered damage to reputation, shame, mortification and hurt feelings. *Civil Code § 48a(4)(a).* He has further sustained compensatory, general and special damages, which will be established according to proof at the time of trial. The statements by DEVINE, NAZARYAN, and PARKS were made with conscious disregard for the truth of the matter and the rights and wellbeing of A.F. and thereby justifies the imposition of punitive damages as a means to punish DEVINE, NAZARYAN, PARKS and deter future such acts.

**WHEREFORE,** Plaintiff prays for judgment against defendants, and each of them, as follows and for:

### On the 1st and 2nd Causes of Action:

1. General damages in an amount according to proof;

2. Special damages in an amount according to proof;


3. Attorneys' fees;

4. Costs of suit herein; and

5. Such other and further relief as the Court may deem just and proper.

### On the 3rd Cause of Action:

1. Compensatory damages in an amount according to proof;

2. Special damages in an amount according to proof;

3. Punitive damages as to DOE defendants sued in an official and individual capacity;

4. Attorney's fees pursuant to 42 U.S.C. §1988;

31

5. Costs of suit herein; and

6. Such other and further relief as the Court may deem just and proper.

### On the 4th Cause of Action:

1. Actual damages in an amount according to proof;

2. Treble damages;

3. Attorneys' fees;

4. Costs of suit herein; and

5. Such other and further relief as the Court may deem just and proper.

### On the 5th, 6th, 7th, 9th 11th and 13th Causes of Action:

1. General damages in an amount according to proof;

2. Special damages in an amount according to proof;

3. Costs of suit herein; and

4. Such other and further relief as the Court may deem just and proper.

### On the 8th, 10th, 12th, 13th, 14th, 15th, and 16th Causes of Action:

1. General damages in an amount according to proof;

2. Special damages in an amount according to proof;

3. Punitive damages in an amount according to proof;

4. Costs of suit herein; and

5. Such other and further relief as the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

**COMES NOW** Plaintiff and hereby demands trial by jury of the above-captioned action.

Dated: August 28, 2023                              SAUNDERS & ASSOCIATES, APC

                                                    By: _____
                                                        GARY SAUNDERS ESQ.
                                                        Attorney for Plaintiff
                                                        Genevieve Fonseca as Parent of A.F., a
                                                        minor

33

## **VERIFICATION**

1

2      I GENEVIEVE FONSECA, as Parent of A.F., a Minor, have read the foregoing
3  PLAINTIFF'S VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL and know its
4  contents. The matters stated in the foregoing Complaint is true to my own knowledge, except as
5  to the matters which is therein stated upon information or belief, and as to those matters, I
6  believe them to be true.

7      I declare under penalty of perjury under the laws of the State of California that the
8  foregoing is true and correct.

9      Executed at San Dimas, California, this 28th day of August, 2023.

10

11                          GENEVIEVE FONSECA, as Parent of
12                          A.F., a Minor

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

34